**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WB Music Corp.; Basement Boys Music, Inc.; C-Water Publishing, Inc.; Fifty-Six Hope Road Music Limited; Odnil Music Limited; Hudmar Publishing Co., Inc., and Rising Storm Music,<br><br>Plaintiffs,<br><br>vs.<br><br>South Beach Restaurant, Inc., an Arizona corporation; Fran Tsikitas and Jane Doe Tsikitis, his wife; Mario Rana and Angela Rana, husband and wife,<br><br>Defendants. | No. CV-09-1528-PHX-LOA<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND REPORT AND RECOMMENDATION** |

A default damages hearing was held on November 25, 2009 as a result of the entries of default against Defendants South Beach Restaurant, Inc., an Arizona corporation; Fran Tsikitas and Jane Doe Tsikitis, husband and wife; Mario Rana and Angela Rana, husband and wife, on Plaintiffs' Complaint. (docket ## 14, 16, 18) Pursuant to Fed.R.Civ.P. 52(a), the Court enters its findings of fact and conclusions of law hereinafter.

**I. Jurisdiction**

This District Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1331, 1338. *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003) ("[A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement . . . .").

This action is authorized by the Copyright Act, Title 17, U.S.C. §§ 101 etc. (docket # 1) Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(a).

Plaintiffs have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (docket # 8) Arguably, this Magistrate Judge has jurisdiction to conduct this hearing and enter final judgment over Defendants even though they have not consented because they are technically not parties by failing to appear in this action. *United States v. Real Property*, 135 F.3d 1312 (9th Cir. 1998); *United States v. 8136 S. Dobson Street*, 125 F.3d 1076 (7th Cir.1997); *EEOC v. West Louisiana Health Svcs., Inc.*, 959 F.2d 1277, 1279-80 (5th Cir. 1992); *Giove v. Stanko*, 882 F.2d 1316, 1318 (8th Cir. 1989). Because the Ninth Circuit has not expressly addressed this issue, and the Eighth Circuit has found to the contrary, the undersigned will proceed by Report and Recommendation to the Phoenix Presiding District Judge for December, 2009, the Honorable Susan R. Bolton. See, *Henry v. Tri-Services, Inc.*, 33 F.3d 931, 932 (8th Cir.1994) ("We hold that the magistrate judge lacked authority to enter final judgment because [the defaulted party] did not consent to have the matter tried to the magistrate judge.")

**II. Background**

The Complaint was filed on July 23, 2009 and served upon the Defendants in early August 2009. (docket ## 1, 9, 10, 15, 17) No Answer or other responsive pleading has been filed by, or on behalf of, Defendants, or any of them, and the time for filing a responsive pleading has elapsed. Defendants' defaults were duly entered by the Clerk of the Court. (docket ## 14, 16, 18) In an effort to provide notice to Defendants, the default damages hearing was continued from October 23, 2009 to November 25, 2009 in order that Plaintiffs' Motion for Default Judgment and its attachments could be mailed to Defendants' last-known addresses. (docket ## 26-27) These documents were timely mailed to Defendants. (docket # 28; Affidavit of Mailing) There is no reason to believe that any Defendant is in the military service, is an infant or is an incompetent person.

This is a copyright infringement action arising out of the unauthorized

public performances of four (4) copyrighted songs on September 5, 2008, at South Beach Restaurant & Lounge, located at 9343 E. Shea Blvd., # 135, Scottsdale, Arizona. Plaintiffs are the owners of the copyrights to these songs and seek the remedies provided by the United States' Copyright Laws, §§ 502(a), 504(c), and 505, including an injunction prohibiting further infringing performances on copyrighted musical compositions; statutory damages in an appropriate amount for each infringement; and costs, including reasonable attorney's fees.

Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP"). ASCAP has been granted a non-exclusive right to license non-dramatic public performances of Plaintiffs' copyrighted musical compositions. On behalf of Plaintiffs, and all of its members, ASCAP licenses thousands of radio and television stations, restaurants, nightclubs, hotels, taverns, and other establishments whose owners desire to lawfully perform the copyrighted musical compositions in the ASCAP repertoire. (docket # 27 at 2) As Plaintiffs' representative, and with their express consent to do so, ASCAP has standing to initiate and prosecute this lawsuit.

Occasionally, users decline ASCAP's offer of a license agreement and choose instead to perform copyrighted works without permission from the copyright owners. Consequently, they become infringers under the Copyright Laws, 17 U.S.C. §§ 101 *et. seq*. When this occurs, ASCAP members institute copyright infringement actions. The affidavit of Douglas Jones, Manager of Litigation Services for ASCAP's General Licensing Department, docket # 27 at 1, establishes that Defendants had actual knowledge that they were not licensed to perform copyrighted musical compositions in the ASCAP repertoire; and that the unauthorized performances of Plaintiffs and other ASCAP's members' songs constitute copyright infringements. In spite of this knowledge, Defendants intentionally performed ASCAP's copyrighted music for over 18 months. See, Affidavit of Douglas Jones. (docket # 27 at 12-13)

**III. Findings of Fact**

The Court makes the following findings of fact:

1. The Complaint was filed on July 23, 2009, and was served upon Defendants during the first week of August 2009.

2. No Answer or other responsive pleading has been filed by any of these Defendants, and the time for filing a responsive pleading has elapsed.

3. There is no reason to believe that any individual Defendant is in the military service, is an infant or an incompetent person.

4. Four (4) copyrighted songs were publicly performed, without authorization, on September 5, 2008 at South Beach Restaurant & Lounge, 9343 E. Shea Blvd., #135, Scottsdale, Arizona.

5. Plaintiffs are the owners of the copyrights to the songs listed in the Complaint, and seek the remedies provided by the United States' Copyright Laws, 17 U.S.C. §§ 502(a), 504(c), and 505, including an injunction prohibiting further infringing performances of the musical compositions in question; statutory damages in an appropriate amount for each infringement; and costs, including reasonable attorney's fees.

6. Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP") which has been granted a non-exclusive right to license non-dramatic public performances of Plaintiffs' copyrighted musical compositions.

7. On behalf of Plaintiffs and all of its members, ASCAP licenses thousands of radio and television stations, restaurants, nightclubs, hotels, taverns, and other establishments whose owners desire to lawfully perform the copyrighted musical compositions in the ASCAP repertoire.

8. Defendants declined ASCAP's offer of a license agreement and chose instead to unlawfully perform the copyrighted works listed in the Complaint without permission from the copyright owners. In fact, ASCAP, through its agents and attorney, contacted Defendants 21 times prior to filing this action in an effort to inform Defendants of their copyright violations, their need for appropriate licensing, and that a lawsuit would follow absent their compliance. Neither Defendants, nor an attorney on their behalf, contacted or responded to Plaintiffs' efforts to resolve the copyright violations outside of

litigation. (See, sworn testimony of Douglas Jones on November 25, 2009)

9. The affidavit of ASCAP's Douglas Jones, docket # 27, and its exhibits attached thereto, establish that Defendants had actual knowledge that they were not licensed to perform copyrighted musical compositions in the ASCAP repertoire and that Defendants' unauthorized performances of Plaintiffs' and other ASCAP's members' songs constitute copyright infringement.

10. Beginning on February 6, 2008, ASCAP made numerous efforts to persuade Defendants to obtain an ASCAP license, including 21 contacts with Defendants - by personal visits to the establishment, letters from ASCAP to Defendants and telephone calls to Defendants. As a result, Defendants have been repeatedly advised that permission must be obtained either from ASCAP or the individual copyright owners to perform ASCAP members' copyrighted music at South Beach Restaurant & Lounge. To date, Defendants have not obtained an ASCAP license from ASCAP members to perform their songs at South Beach Restaurant & Lounge. Instead, Defendants have deliberately violated copyright laws by publicly performing ASCAP's members' music on a regular basis at the South Beach Restaurant.

11. In spite of actual knowledge that they must be properly licensed, Defendants intentionally performed, and, on information and belief, continue to perform ASCAP's members' copyrighted music from, at least, as early as February 6, 2008, through September 5, 2008, to the present time, a period of over 18 months.

12. In 2008, ASCAP arranged for an independent investigator to visit Defendants' establishment to determine if Defendants were publicly performing ASCAP's members' music. On the night of September 5, 2008, the investigator, Kevin McDonough, acting in an undercover capacity, visited South Beach Restaurant & Lounge and, made contemporaneous notes of the songs he heard performed. The songs Mr. McDonough heard performed at South Beach Restaurant & Lounge that night were "GONNA MAKE YOU SWEAT, a/k/a EVERYBODY DANCE NOW"; "GYPSY WOMAN (SHE'S HOMELESS)"; "COULD YOU BE LOVED"; and, "AFRICA."

These unauthorized performances constitute the basis for this infringement action filed by ASCAP's members against Defendants. (See, affidavit of ASCAP's Douglas Jones, docket # 27 at 3-4 and Exhibit A thereto) Plaintiffs own the copyrights to these musical compositions.

13. During the relevant period, Defendants owned and operated the South Beach Restaurant & Lounge, and play copyrighted music at this location without proper ASCAP licensing.

14. Plaintiffs are entitled to an injunction, prohibiting further infringing performances of ASCAP's members' copyrighted music.

15. Had Defendants' restaurant been properly licensed with ASCAP, Defendants would have paid $3,345.88 in licensing fees between February 1, 2008 and December 31, 2009. The current annual licensing rate is $1,839.50.

15. Defendants are knowing and willful infringers, having been notified by ASCAP's representatives on numerous occasions (at least, 21 times) of their need to license the performances of copyrighted musical compositions.

**IV. Default Judgment Analysis**

Because the Complaint seeks non-liquidated damages and injunctive relief that were not "for a sum certain or a sum that [could] be made certain by computation" within the meaning of Rule 55(b), FED.R.CIV.P., the Court conducted an on-the-record Rule 55(b)(2) default damages hearing on November 25, 2009.

Following entry of default, Rule 55(b)(2), FED.R.CIV.P., permits a district court to enter final judgment in a case. Entry of default judgment, however, is not a matter of right. *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1071 (C.D. Cal. 2004). Entry of default judgment is entirely within a district or magistrate judge's discretion and may be refused if the judge determines no justifiable claim has been alleged or that a default judgment is inappropriate for other reasons. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980)). Well-pleaded factual allegations of the complaint are taken as true, except for

those allegations relating to damages. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987)); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

The Ninth Circuit has enumerated seven factors for a district court to consider in determining whether to grant a default judgment: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) the sum of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure, favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986); *Truong Giany Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173 (N.D. Cal. 2007). After considering and balancing all these factors, the undersigned finds that the factors strongly weigh in favor in entering the default judgment recommended herein.

**V. Conclusions of Law**

The Court makes the following conclusions of law:

1. That Plaintiffs are the copyright owners of the musical compositions which are the subject matter of this case and which were wrongfully performed in violation of Plaintiffs' copyrights by Defendants, South Beach Restaurant, Inc.; Frank Tsikitis; his wife, Jane Doe Tsikitis; Angela Rana; and Mario Rana at South Beach Restaurant & Lounge on September 5, 2008, in violation of Plaintiffs' rights under Title 17 U.S.C. §§ 101 *et seq*.

2. That Defendant South Beach Restaurant, Inc., at all times pertinent hereto, and specifically on September 5, 2008, did own, control, manage, operate and maintain for public entertainment, accommodation, amusement and refreshment, all facets, including the music policy of the establishment known as South Beach Restaurant & Lounge, located at 9343 E. Shea Blvd. in Scottsdale, Arizona.

3. That Defendants, Frank Tsikitis and Jane Doe Tsikitis; and Mario and

Angela Rana, are each husband and wife, respectively, and citizens of the District of Arizona. That Frank Tsikitis, Mario Rana and Angela Rana are officers, directors and shareholders of South Beach Restaurant, Inc., and shared jointly the responsibility for the control, management, operation and maintenance of its corporate affairs, including its music policy. That the Ranas and Tsikitises derive financial benefit from the operations of South Beach Restaurant & Lounge by South Beach Restaurant, Inc., both personally and for their marital community.

4. That Plaintiffs and their predecessors-in-interest complied in all respects with Title 17, U.S.C.§§ 101 *et seq.*, and have now, and at the time of the infringements on September 5, 2008, the exclusive rights and privileges in and to the copyright of each musical composition named herein.

5. That the musical compositions identified herein have been properly registered with the United States Government and the Register of Copyrights. Plaintiffs hold certificates of registration and renewal, where applicable, in and to these musical compositions.

6. That the infringements which occurred at the South Beach Restaurant & Lounge on September 5, 2008, were done knowingly and willfully by Defendants.

7. That individual Defendants are vicariously liable for infringements by the corporate Defendant.

8. That Defendants and the South Beach Restaurant & Lounge were not, and are not, currently licensed to perform Plaintiffs' copyrighted music, and, upon information and belief, copyright infringements continue to occur at the South Beach Restaurant & Lounge in violation of the rights of members of the American Society of Composers, Authors & Publishers, thereby entitling Plaintiffs to an injunction against Defendants, prohibiting future unauthorized performances of copyrighted musical compositions.

9. That Plaintiffs are entitled to injunctive relief, monetary damages, and an award of reasonable attorney's fees and costs, against Defendants South Beach

1  Restaurant, Inc.; Frank Tsikitis and his wife, Jane Doe Tsikitis; Angela and Mario Rana,
2  husband and wife, jointly and severally.

3  10. Defendants' unlawful conduct has resulted in a "profit" to Defendants in
4  the approximate sum of $3,345.88, an amount South Beach Restaurant & Lounge would
5  have had to pay to be properly licensed by ASCAP from February 1, 2008 through
6  December 31, 2009. (The applicable license fee for 2009 is $1,839.50). In addition,
7  Defendants' unlawful conduct required ASCAP to incur $247.34 in out-of-pocket
8  expenses, representing the cost of obtaining the evidence of the infringements on which
9  this action is based and evidence that the infringing conduct has continued, plus the
10 expense of lawyers, court and other costs.

11  11. Defendants have been, and upon information and belief are, knowing
12 and deliberate infringers. Since, at least, February 6, 2008, Defendants have been well
13 aware of the need for permission and appropriate licensing to perform copyrighted music
14 in the ASCAP repertoire; have consistently furnished musical entertainment for their
15 patrons; and yet, for over 18 months since ASCAP first contacted them regarding a
16 license agreement, Defendants have neither obtained the appropriate license nor obtained
17 permission from the copyright owners to publicly perform their copyrighted works.

18  12. As knowing, deliberate and continuing copyright infringers, Defendants
19 should not be better off as violators of the Copyright Laws than they would have been had
20 they properly complied with applicable licensing requirements. Because of the
21 aggravated nature of Defendants' copyright infringements, their blatant disregard of
22 federal copyright laws, and ASCAP's numerous attempts to obtain Defendants'
23 cooperation and licensing outside of litigation, Plaintiffs are entitled to an award of
24 statutory damages of $7,500.00 per infringement ($7,500.00 x 4 copyrighted songs =
25 $30,000.00 in the aggregate). A $30,000.00 award is fair and just to reasonably
26 compensate Plaintiffs for the copyright violations of their music but is not greater than
27 necessary to deter Defendants from future deliberate infringement of Plaintiffs' and other

ASCAP members' copyrighted music.[1]

13. Pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to recover the following reasonable amounts:

(1) attorney's fees in the amount of $5,890.00 ($5,415.00 plus $475.00 for one hour incurred on the date of the default damages hearing) based on counsel's billing rate of $475.00 per hour actually billed to ASCAP for a total of 12.40 hours. The fee agreement between Snell & Wilmer law firm and ASCAP is oral and has been for several years. It results in quarterly billings of hourly-based rates and reimbursement of costs actually expended. Plaintiffs' counsel's $475.00 hourly rate is reasonable because (a) Peter J. Rathwell, Plaintiffs' principal attorney with Snell & Wilmer, has been licensed by the State Bar of Arizona since 1968 (41 years); (b) has extensive experience in handling copyright litigation; and (c) has represented ASCAP since approximately 1974, a period of approximately 35 years. (See, Attorney's Fees Affidavit, docket # 26-2 at 5-8)

(2) taxable costs in the amount of $654.40, docket # 26-2 at 8; and

(3) non-taxable expenses in the amount of $247.34.

Accordingly,

**IT IS RECOMMENDED** as follows:

1. Plaintiffs' Motion for Default Judgment, docket # 26, be **GRANTED**;

2. Plaintiffs' Application for Attorney's Fees and Costs, docket # 24, be **GRANTED**;

3. Plaintiffs' first Motion for Default Judgment, docket # 22, be **DENIED** as moot;

4. Judgment be entered in favor of Plaintiffs and against Defendants South Beach Restaurant, Inc.; Frank Tsikitis and Jane Doe Tsikitis, his wife; Mario Rana and Angela Rana, and each of them, jointly and severally, as follows:

---

[1] For a comparison of other copyright infringement awards in the District of Arizona, Phoenix division, see docket # 26-2 at 2-3.

- 10 -

a.) in the amount of $30,000.00, with interest thereon at the annual rate of _____% from the date of entry of this Judgment, until paid in full; together with reasonable attorney's fees and taxable costs in the amount of $6,818.74, and non-taxable costs in the amount of $247.34. (See, proposed Judgment, docket # 22-1, lodged on October 22, 2009)

b.) that Defendants, jointly and severally, and all persons acting under the direction, control, permission and authority of Defendants, be enjoined and restrained permanently from publicly performing, and for causing them or permitting them to be publicly performed, by Defendants South Beach Restaurant, Inc.; Frank Tsikitis and Jane Doe Tsikitis, his wife; Mario Rana and Angela Rana, or in any place owned, controlled or conducted by them, and from aiding and abetting the public performance of any copy-righted musical works in the ASCAP repertory without permission obtained from ASCAP or directly from the copyright owner.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1), as amended on December 1, 2009[2]; Rules 72 and 6, Federal Rules of Civil Procedure, as amended on December 1, 2009. Thereafter, the parties have seven (7) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. See, *United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment

---

[2] See, Statutory Time-Periods Technical Amendments Act of 2009. H.R. 1626.

entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

Dated this 1st day of December, 2009.

Lawrence O. Anderson
United States Magistrate Judge